UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL LUGO,

       Plaintiff,

v.

                                                 CASE NO. 9:21-cv-82536-WPD

WHYHOTEL, INC.,

       Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, Daniel Lugo, by and through his undersigned counsel, hereby sues the Defendant, WHYHOTEL, INC., for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (the "ADA") and in support thereof states as follows:

## JURISDICTION

1. This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendant's violations of Title III of the ADA.

## VENUE

2. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim

occurred in this district and one of the facilities, whose online reservation system is at issue herein, is situated in this district.

## PARTIES

3. Plaintiff, Daniel Lugo, is an individual who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities due to permanent damage to his spinal cord as a result of a broken neck caused by a motor vehicle accident. Plaintiff must use a wheelchair to ambulate. Plaintiff also has limited use of his hands and fingers. Defendant's online lodging reservation system fails to comply with any of the requirements of 28 C.F.R. §36.302(e) and therefore Plaintiff's full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered thereon are restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendant is compelled to cure the substantive ADA violations contained on its online reservation system. Plaintiff intends to visit the online reservation system for Defendant's places of lodging in the near future, and within thirty (30) days, to book a place of lodging and utilize the goods, services, facilities,

privileges, advantages and/or accommodations being offered and/or to test the online reservation system for compliance with 28 C.F.R. §36.302(e).

    4.    Defendant is the owner and operator of WhyHotel Midtown Miami located in this district at 2920 NE 2nd Avenue in Miami, Florida. Defendant also owns and operates Front & Wall Street, operated by WhyHotel, located at 110 Wall Street in New York, New York. Defendant also owns and operates WhyHotel Tysons Corner Greensboro Drive located at 8305 Greensboro Drive in Tysons, Virginia.  Defendant also owns and operates WhyHotel Washington, D.C. National Mall located at 600 4th Street SW in Washington, D.C. Defendant also owns and operates WhyHotel Washington, D.C. Union Market located at 331 N Street NE in Washington, D.C.  Defendant also owns and will operate in February, 2022 The Cadence Nashville, operated by WhyHotel, located at 1600 McGavock Street in Nashville, Tennessee. The WhyHotel Midtown Miami, the Front & Wall Street, operated by WhyHotel, the WhyHotel Tysons Corner Greensboro Drive, the WhyHotel Washington, D.C. National Mall, the WhyHotel Washington, D.C. Union Market and The Cadence Nashville, operated by WhyHotel are collectively referred to herein as the "Places of Lodging". The online reservation system for WhyHotel Midtown Miami is found at www.whyhotel.com/hotels/midtown-miami/.  The online reservation system for the Front & Wall Street, operated by WhyHotel is found at www.whyhotel.com/locations/front-and-wall-st/.  The online

reservation system for the WhyHotel Tysons Corner Greensboro Drive is found at www.whyhotel.com/hotels/tysons-greensboro/.  The online reservation system for the WhyHotel Washington, D.C. National Mall is found at www.whyhotel.com/hotels/dc-national-mall/.  The online reservation system for the WhyHotel Washington, D.C. Union Market is found at www.whyhotel.com/hotels/dc-union-market/.  The online reservation system for The Cadence Nashville operated by WhyHotel is found at www.whyhotel.com/locations/the-cadence-nashville/.

## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5.  On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

6.  Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the

*Federal Register* to implement the requirements of the ADA. Public accommodations, including places of lodging, were required to conform to these regulations on or before March 15, 2012.

7. On March 15, 2012, new regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging". 28 C.F.R. §36.302(e) states:

"(1) *Reservations made by places of lodging.* A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

**(i)** Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

**(ii)** Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;[1]

**(iii)** Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

**(iv)** Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

---

[1] The United States Department of Justice, in "28 C.F.R. Appendix A to Part 36, Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities", provides a section-by-section analysis of 28 C.F.R. §36.302(e)(1). In its analysis and guidance, the Department of Justice's official comments state that "information about the Hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do **not** comply with the 1991 Standards." An agency's interpretation of its own regulations, such as the Department of Justice's interpretation of 28 C.F.R. §36.302(e)(1), must be given "substantial deference" and "controlling weight" unless it is "plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).

**(v)** Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others."

8. The Places of Lodging are places of public accommodation that own and/or lease and operate a place of lodging pursuant to the ADA. The Places of Lodging have an online reservation system whereby potential patrons may reserve a place of lodging. The reservation system is subject to the requirements of 28 C.F.R.§ 36.302(e) and Defendant is responsible for said compliance.

9. Most recently, during December, 2021 Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible place of lodging at the WhyHotel Midtown Miami through Defendant's online reservation system but was unable to do so due to Defendant's failure to comply with the requirements set forth in paragraph 7. After the foregoing occurred, Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible place of lodging at the Front & Wall Street, operated by WhyHotel, at the WhyHotel Tysons Corner Greensboro Drive, at the WhyHotel Washington, D.C. National Mall, at the WhyHotel Washington, D.C. Union Market and at The Cadence Nashville operated by WhyHotel.

10. Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights,

monitoring, ensuring, and determining whether places of public accommodation, including online reservation systems for places of lodging, are in compliance with the ADA.

11. Defendant has discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered through the Places of Lodging's online reservation system due to the substantive ADA violations contained thereon.

12. The online reservation system for the Places of Lodging encountered by Plaintiff when he visited it failed to comply with *any* of the requirements of 28 C.F.R.§ 36.302(e)(1). When Plaintiff visited the Places of Lodging's online reservation system, he tried to make reservations for accessible places of lodging at the Places of Lodging, since he requires an accessible place of lodging due to his inability to walk, but it was not possible to make such a reservation. It was possible to reserve a place of lodging that was not accessible. For this reason Defendant has no policy, practice, or procedure in place to ensure that individuals with disabilities can make reservations for accessible places of lodging during the same hours and in the same manner as individuals who do not need accessible places of lodging. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(i). When Plaintiff visited the Places of Lodging's online reservation system, he searched the site for the identification and descriptions of accessible features at the Places of Lodging and

places of lodging offered through the reservation service so that he could assess independently whether the Places of Lodging or a specific place of lodging at the Places of Lodging met his accessibility needs in light of his disability but the reservations service contained no such descriptions at all. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(ii). In light of the foregoing, Defendant also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v) in that since the online reservations service does not describe any accessible place of lodging and does not, in turn, allow the reserving of such accessible place of lodging, the Website cannot hold such unavailable accessible places of lodging in the reservations system until all other units have been rented, block such unavailable accessible places of lodging from the system once reserved, and guaranty that such unavailable accessible places of lodging will be held for the reserving customer as required by sections (iii) - (v) respectively.

13.  Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to correct the ADA violations to the online reservations system for the Places of Lodging and maintain the online reservations system and accompanying policies in a manner that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e).

14. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

15. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendant to implement policies, consistent with the ADA, to accommodate the disabled, by requiring Defendant to alter and maintain its online reservations system in accordance with the requirements set forth in paragraph 7 above.[2]

WHEREFORE, Plaintiff, Daniel Lugo, requests that the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to implement policies, consistent with the ADA, to accommodate the disabled, through requiring Defendant to alter and maintain the online reservations system for the Places of Lodging in accordance with the requirements set forth in paragraph 7 above, and awarding Plaintiff reasonable

---

[2] The injunction, to be meaningful and fulfill its intended purpose, should require Defendant to develop, and strictly enforce, a policy requiring regular monitoring of its online reservations system. As rates and classes of the places of lodging at the Places of Lodging and the number and type of rooms, beds, accommodations and amenities offered in the various unit types change from time to time, the availability of accessible units must be re-dispersed across these various price points, classes, as well as across units with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the Places of Lodging, the online reservations system must continuously be updated to properly reflect and describe Defendant's compliance with the substantive ADA Standards regarding accessible places of lodging in accordance with 28 C.F.R. 36.302(e)(1).

attorneys' fees, litigation expenses, including expert fees, and costs.

                                                <u>s/Lee D. Sarkin</u>
                                                DREW M. LEVITT
                                                Florida Bar No: 782246
                                                drewmlevitt@gmail.com
                                                LEE D. SARKIN
                                                Florida Bar No. 962848
                                                Lsarkin@aol.com
                                                4700 N.W. Boca Raton Blvd, Ste. 302
                                                Boca Raton, Florida 33431
                                                Telephone (561) 994-6922
                                                Attorneys for Plaintiff